UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CRIMINAL ACTION NO. 3:10CR-107-H

UNITED STATES OF AMERICA                                PLAINTIFF

V.

JAMES ROBINSON                                             DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Defendant, James Robinson, has moved for a new trial on the grounds the insufficiency of the evidence and various other objections. A jury convicted Robinson of aiding and abetting witness tampering. In essence, Robinson makes two arguments. First, he says that the United States presented insufficient evidence of his criminal intent. Second, he says that the jury had insufficient evidence from which it concluded that a letter written by Ricky Kelly to Gregory Sawyers constituted a threat to do harm to Sawyers.

I.

The principle thrust of Defendant's first argument is that the United States is required to introduce evidence at trial that Robinson provided information to Ricky Kelly about Gregory Sawyers' cooperation with a specific intent that Kelly would use this information to cause delivery of a threatening letter delivered to Sawyers. United States responds that its obligation is not so specific and that the law does not require the United States to offer evidence that Robinson knew the details of the execution of the crime in order to be guilty of aiding and abetting in these circumstances.

The Court's instructions were not written to require Robinson's specific knowledge of Kelly's method for tampering with a witness. So, the instructions were correct in stating that

Robinson need not have performed any part of the underlying criminal act, nor have been present when it was performed, nor have been aware of its details. The Court concludes that its instructions held the government to the appropriate standard of proof as to both interest and action.

There is certainly sufficient evidence to show that Robinson conveyed valuable and wanted information to Kelly regarding the jury could certainly reasonably infer from all the conversations that Kelly wanted this intelligence for a specific purpose, that being to prevent others from testifying against him.

II.

Next, Defendant argues that the United States did not offer any evidence at trial but the letter authored by Kelly actually threatened physical force against Sawyers. The United States responded that the letter was introduced at trial and basically speaks for itself.

The letter itself is subject to some varying interpretations. However, the evidence was convincing that Kelly wrote it and for only one purpose. That purpose was to make Sawyers aware that Kelly knew he was talking. That Kelly knew where Sawyers resided and knew that he was talking to law enforcement would be sufficient enough beyond a reasonable doubt for the jury to find intimidation of a potential witness such as Sawyers. The government need not show more.

This case was well-defended in every respect. Defendant made numerous successful motions which limited the proof against him. However, the Court believes that the evidence was sufficient to convict.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendant's motion for a new trial is DENIED.

This is a final order.

cc: Counsel of Record